UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MATHEW LIVINGSTON, individually and on behalf of MALLOWRY LIVINGSTON, and MARIA ANN LIVINGSTON**

**Plaintiffs,**

v.  Case No. 6:05-cv-860-Orl-19KRS

**H.I. FAMILY SUITES, INC. d/b/a HOLIDAY INN FAMILY SUITES and WORLD VILLAGE MANAGEMENT, LLC.**

**Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. The Motion to Dismiss Count II of Plaintiffs' Complaint, filed by Defendants H.I. Family Suites, Inc., d/b/a Holiday Inn Family Suites, and World Village Management, LLC. (Doc. No. 21, filed on July 8, 2005);

2. The Motion to Dismiss Count III of Plaintiffs' Complaint, filed by Defendants. (Doc. No. 22, filed on July 8, 2005); and

3. The Motion to Dismiss Count IV of Plaintiffs' Complaint, filed by Defendants. (Doc. No. 23, filed on July 8, 2005).[1]

**Background**

---

[1] The Defendants in this case filed a separate Motion to Dismiss for each Count of Plaintiffs' Complaint. The Court will consider each of the three separate Motions in this Order.

The following allegations are drawing from Counts II, III, and IV[2] of Plaintiffs' Complaint. (Doc. No. 2, filed on June 10, 2005).

On February 21, 2004, Plaintiffs Mathew Livingston, Jr., ("Mr. Livingston"), Maria Ann Livingston, ("Mrs. Livingston"), and Mallowry Livingston checked into the Defendants' hotel, the Holiday Inn Lake Buena Vista, located in Orlando, Florida. (*Id.* at ¶ 13). That same day, after noticing roaches and ants in the first room they had been rented, the Plaintiffs were relocated to room 721. (*Id.*) Three days later on February 24, Mr. Livingston was watching television in room 721 with his children when he noticed insects entering the room from behind the sofa. (*Id.* at ¶ 14). The insects crawled onto Mr. Livingston and his children, including his daughter, Mallowry Livingston. (*Id.*) Later, after examining the bedroom, Mr. Livingston also noticed additional brown insects on the pillows, sheets, boxspring and mattress of the bed in which Mrs. Livingston slept. (*Id.* at ¶ 15). After notifying the hotel of these conditions and showing an employee the insects, the Plaintiffs checked out of the hotel. (*Id.* at ¶¶ 15, 16).

On February 28, 2004, Plaintiffs Maria Ann Livingston and Mallowry Livingston awoke and discovered their arms and legs were covered with insect bites. (*Id.* at ¶ 17). After consulting two physicians, both Plaintiffs were diagnosed as having suffered allergic reactions to the bites. (*Id*) It is alleged that the insects that bit Plaintiffs were of the species *Cimex lectularius*, commonly known as the "bed bug." (*Id.* at ¶¶ 12, 17). As a result of her injuries and the injuries to her daughter, Mrs. Livingston suffered severe emotional distress. (*Id.* at ¶ 26).

---

[2] It should be noted that, technically, Plaintiffs' Complaint does not contain a Count IV. (Doc. No. 2, p. 5-6). The Court assumes there was simply a scrivener's error and, for purposes of this Order, will treat "Count V" of the Complaint as Count IV.

On February 22, 2005, Plaintiffs filed a Complaint against Defendants in the Eastern District of Louisiana. On June 10, 2005, the case was transferred to the Middle District of Florida and filed in this District. (Docs. No. 1 and 2, filed on June 10, 2005). Count II of the Complaint, a claim for damages arising from the intentional infliction of emotional distress, alleges that the conduct of Defendants via their agents was extreme and outrageous and that Defendants either intended to inflict severe emotional distress on Mrs. Livingston or knew there was at least a high probability that their conduct would cause Mrs. Livingston severe emotional distress. (*Id*. at ¶¶ 24-25).

Count III of the Complaint, a claim for damages arising from fraudulent concealment, alleges that Defendants knew before renting to Plaintiffs that rooms in their hotel were infested with bed bugs, yet concealed this information despite the fact that they had a duty to disclose such information due to their position of influence and superiority over Plaintiffs. (*Id*. at ¶¶ 3, 28-30). Defendants concealed these material facts in order to induce Plaintiffs to rent a hotel room, and Plaintiffs did in fact rent room 721 while acting in justifiable reliance on Defendants' representations. (*Id*. at ¶¶ 31-32). As a result of their reliance, Plaintiffs suffered physical and psychological distress, and injury. (*Id*. at 33).

Count IV of the Complaint, a claim for damages arising from gross negligence towards a business invitee, alleges that Defendants were under a duty to exercise reasonable care to keep their hotel reasonably safe, and that they breached this duty when they allowed room 721 to become infested with bed bugs, learned of the infestation, and subsequently rented room 721 to Plaintiffs. (*Id*. at ¶¶ 35-36). Plaintiffs allege that bed bugs are known to carry disease, bite people, and suck blood from people while they sleep. (*Id*. at ¶ 36). Plaintiffs also allege that such conduct by

Defendants was willful and wanton and directly resulted in their physical and psychological injury. (*Id*. at ¶¶ 37-38).

On July 8, 2005, Defendants H.I. Family Suites, Inc., d/b/a Holiday Inn Family Suites, and World Village Management, LLC, filed Motions to Dismiss Counts II, III, and IV of the Plaintiffs' Complaint. (Doc. Nos. 21, 22, 23, filed on July 8, 2005). In their Motion to Dismiss Count II, Defendants argue that Plaintiffs failed to properly state a cause of action for intentional infliction of emotional distress in Count II, by failing to properly plead that Defendants' conduct was sufficiently outrageous to establish the elements of that tort. (Doc. 21 at ¶ 5). Defendants further argue that Plaintiffs failed to sufficiently plead the details of the time and place of any alleged fraudulent concealment in Count III, and that Plaintiffs failed to plead fraudulent concealment by silence, because of insufficient allegations of a special relationship between the parties. (Doc. 22 at ¶¶ 3-4). Finally, Defendants argue that Plaintiffs have not plead sufficient facts to demonstrate that Defendants had actual or constructive knowledge of the existence of bed bugs in Count IV, and that Plaintiffs have failed to plead both that the existence of such insects would likely cause injury to Plaintiffs and that Defendants acted with reckless indifference. (Doc. 23 at ¶ 3).

This Order analyzes Defendants' Motions to Dismiss.

**Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits thereto. *Fed R. Civ. P.*

10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although the record reflects that copies of the Defendants' Motions to Dismiss were sent to Plaintiffs' counsel on July 11, 2005, Plaintiffs have not filed a brief in opposition to the motions as required under Local Rule 3.01(b). Failure to oppose a motion to dismiss raises an inference that there is no objection to such motion. *See* Local Rule 3.01(b); (Doc. No. 28, Section II-E, filed on August 4, 2005) (stating "[w]here no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed").

**Analysis**

**Count II**

This is a federal diversity case based on the law of Florida. In Florida, a plaintiff must prove four elements in order to recover for intentional infliction of emotional distress: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990) (citing *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985), and *Dominguez v. Equitable Life Assur. Soc.*, 438 So.2d 58, 59 (Fla. Dist. Ct. App. 1983)). In attempting to plead the existence of outrageous conduct, the Florida Supreme Court has held that a plaintiff must establish that the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *McCarson*, 467 So. 2d at 278-79. The question of whether a defendant's conduct is sufficiently outrageous so as to establish the elements

for intentional infliction of emotional distress is a question of law which must be decided by the Court. *Id*. at 278; *Pucci v. USAir*, 940 F.Supp. 305, 309 (M.D. Fla. 1996). In applying this standard, "the subjective response of the person who is the target of the actor's conduct is not to control the question of whether the tort occurred." *Ponton v. Scarfone*, 468 So. 2d 1009, 1011 (Fla. Dist. Ct. App. 1985).

In the case of *Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd.*, 792 F.Supp. 1566 (S.D. Fla. 1992), a group of plaintiff-tenants filed suit against the former owners and managing agents of a Broward County, Florida apartment complex, alleging, *inter alia*, that the defendants' failure to properly maintain the apartments amounted to outrageous conduct. In dismissing the plaintiffs' claim for intentional infliction of emotional distress, the trial court stated that "the conduct alleged, inter alia, vermin infestation, leaking sewerage and dusty public areas, although possibly offensive to some civilized individuals, does not rise to the level contemplated by the Florida Supreme Court in [*McCarson*]." *Id.* at 1576.

Examining the allegations contained in Count II of the Complaint, taking them as true, and considering them in a light most favorable to the Plaintiffs, it cannot be said that renting an insect-infested hotel room to individuals who are subsequently bitten by those insects meets the strict standard set by the Florida Supreme Court of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *McCarson*, 467 So. 2d at 278-79. While Plaintiffs may have been inconvenienced by doctors' visits or may have been distraught in knowing they have been bitten by insects and suffered an allergic reaction to those bites, the subjective response of Plaintiffs is not controlling in determining the outrageousness of Defendants' conduct. *Ponton*, 468 So. 2d

at 1011. In fact, it appears that the allegations in *Kingston*, where the Plaintiffs alleged they had been subjected to vermin infestation, leaking sewerage, and dust-covered common areas in their homes, were more serious than the instant case, yet those allegations did not rise to the standard of severe and outrageous conduct.[3] *Kingston*, 792 F.Supp. at 1576. This fact, coupled with the inference which has arisen by Plaintiffs' failure to oppose the Defendants' Motion to Dismiss, proves fatal to Count II of Plaintiffs' Complaint. Therefore, the Motion to Dismiss Count II of Plaintiffs' Complaint is granted.

**Count III**

In Florida, the elements of a claim of fraudulent concealment are (1) a misrepresentation or omission of a material fact; (2) (a) knowledge of the representor of the misrepresentation or (b) representations made by the representor without knowledge as to either the truth or falsity, or (c) representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof; (3) an intention that the representor induce another to act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation. *Albertson v. Richardson-Merrell Inc.*, 441 So. 2d 1146, 1149-50 (Fla. Dist. Ct. App. 1983). While the circumstances of fraud must be alleged with specificity, absolute particularity is not required, especially when some matters are beyond knowledge of the pleader and can only be developed through discovery. The complaint need only provide a "reasonable delineation of the underlying acts and transactions allegedly constituting the fraud." *Fla. Dep't of Ins. v. Debenture Guaranty*, 921

---

[3] The Court's independent research has not produced a Florida case with facts more similar to the case at bar than those in *Kingston*.

F.Supp. 750, 753 (M.D. Fla. 1996) (citing *In re Checkers Sec. Lit.*, 858 F.Supp. 1168, 1175 (M.D. Fla. 1994)).

In a claim for fraudulent concealment by omission or silence, a defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose such information. *Don Slack Ins., Inc. v. Fidelity & Cas. Co. of N.Y.*, 385 So. 2d 1061 (Fla. Dist. Ct. App. 1980). Such duty arises when one party has information that the other party has a right to know because of the existence of a fiduciary relationship or another relationship of trust or confidence between the parties. *State v. Mark Marks, P.A.*, 654 So. 2d 1184, 1189 (Fla. Dist. Ct. App. 1995) (approved by 698 So. 2d 533 (Fla. 1997)).

In the instant case, Plaintiffs have sufficiently pled with requisite particularity the elements of fraudulent concealment. Plaintiffs have alleged that Defendants, through their agents, knowingly omitted the material fact that room 721 was infested with bed bugs. (Doc. 2 at ¶¶ 3, 27-28). They have also alleged that Defendants omitted such fact in order to induce reliance by the Plaintiffs, and that Plaintiffs justifiably relied on such representations by renting room 721, which reliance resulted in injury to the Plaintiffs. (*Id.* at ¶¶ 31-33). Furthermore, Plaintiffs have sufficiently alleged that Defendants were under a duty to disclose the existence of the bed bugs by alleging that such a duty arose due to Defendants' position of influence and superiority over the Plaintiffs. (*Id.* at ¶¶ 29-30). Taking such allegations as true, they are clearly sufficient to establish a claim for fraudulent concealment. Simply alleging that the Defendants knew that the hotel was infested with vermin before renting the room to Plaintiffs is sufficient to satisfy the "who," "what," and "when" requirements of pleading fraudulent concealment, as consumer plaintiffs cannot be assumed to have the same knowledge an insider would, especially when information may have been concealed by the

defendants. *Maison v. Ford Motor Co.*, No. 1:04-CV-041-SPM, 2005 WL 1684159, at *2 (N.D. Fla., July 7, 2005). Therefore, Plaintiffs have sufficiently stated a claim for relief for fraudulent concealment, and the Motion to Dismiss Count III of the Complaint is denied.

## Count IV

Under Florida law, a cause of action for gross negligence must contain allegations that (1) a composite of circumstances exist which together constitute a clear and present danger; (2) awareness by the defendant of such danger; and (3) a conscious, voluntary act or omission by the defendant in the face thereof which is likely to result in injury. *Dent v. Florida Power & Light Co.*, 633 So. 2d 1132, 1134 (Fla Dist. Ct. App. 1994) (per curiam) (citing *Sullivan v. Streeter*, 485 So. 2d 893, 895 (Fla Dist. Ct. App. 1986)); *see also Glaab v. Caudill*, 236 So. 2d 180, 185 (Fla. Dist. Ct. App. 1970).

In the instant case, Plaintiffs allege that Defendants, via their agents, knew of the infestation of bed bugs in their hotel, and that bed bugs are known to carry disease and bite and suck blood from people. (Doc. 2 at ¶ 36). Plaintiffs further allege that Defendants rented room 721 to Plaintiffs after learning of the insect infestation of the hotel. (*Id.*) Taking such allegations in the Complaint as true, Plaintiffs have pled that Defendants knowingly rented them a room infested with insects which are known to bite and suck blood from people. Count IV sufficiently alleges that Defendants committed a voluntary act while aware that such an act posed a clear and present danger of harm to Plaintiffs.[4]

---

[4]Contrary to Defendants' assertion in Paragraph 3 of their Motion to Dismiss Count IV of Plaintiffs' Complaint, a plaintiff is not required to plead in a complaint alleging gross negligence that the defendant acted with reckless indifference. The closest language the Court could find to Defendants' argument was a 1980 Fifth Circuit case which states that willful and wanton conduct must "indicate a reckless indifference to the rights of others." *Bernard v. Florida East Coast Ry. Co.*, 624 F.2d 552, 554 (5th Cir. 1980) (citing *Boyce v. Pi Kappa Alpha Holding Corp.*, 476 F.2d 447,
(continued...)

Therefore, Plaintiffs have stated a claim for gross negligence toward a business invitee, and the Motion to Dismiss Count IV of the complaint is denied.

### Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint and **DENIES** Defendants' Motion to Dismiss Count III and Count IV of Plaintiffs' Complaint. Plaintiffs shall have leave to file an amended complaint which comports with this order within ten (10) days from the date below.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August __29,____ 2005.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4](...continued)
452 (5th Cir. 1973)). However, more recent cases by Florida state courts adopt the test quoted above, namely, a "conscious and voluntary act or omission" that the defendant knows has reason to subject the plaintiff to "a clear and present danger of injury." *See Dent v. Florida Power & Light Co.*, 633 So. 2d 1132, 1134 (Fla Dist. Ct. App. 1994) (per curiam) (citing *Sullivan v. Streeter*, 485 So. 2d 893, 895 (Fla Dist. Ct. App. 1986)).

Copies furnished to:

Counsel of Record