**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MATHEW LIVINGSTON,**
**individually and on behalf of**
**MALLOWRY LIVINGSTON**
**and MARIA ANN LIVINGSTON**

      **Plaintiffs,**

**vs.**                                            **Case No. 6:05-cv-860-Orl-19KRS**

**H.I. FAMILY SUITES, INC., d/b/a**
**HOLIDAY INN FAMILY SUITES**
**and WORLD VILLAGE**
**MANAGEMENT, LLC,**

      **Defendants.**

**ORDER**

This case comes before the Court on the following:

1. Motion for Summary Judgment and Incorporated Memorandum of Law, filed by Defendants H.I. Family Suites, Inc., d/b/a Holiday Inn Family Suites, and World Village Management, LLC on March 27, 2006; (Doc. No. 53) (collectively referred to as "Holiday Inn")[1];

2. Defendant's [sic] Amended Motion to File Hard Copy, filed by Defendants on March 30, 2006; (Doc. No. 57);

---

[1] The relationship between the Co-Defendants H.I. Family Suites, Inc. and World Village Management, LLC is unclear and has not been explained by any of the evidentiary submissions filed with the Court.

-1-

  3. Plaintiff's [sic] Response to Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law, filed by Plaintiffs Mathew Livingston, Mallowry Livingston, and Maria Ann Livingston on April 7, 2006; (Doc. No. 60); and

  4. Notice of Filing [Clearer Copy of "Exhibit B" to Plaintiffs' Response], filed by Defendants on May 5, 2006. (Doc. No. 80).

**Background**

The instant diversity action arises out of injuries suffered by members of the Livingston family allegedly incurred as the result of "bed bug" bites they received while staying as guests in a hotel owned by Defendants. On February 21, 2004, Plaintiffs Mathew Livingston ("Mr. Livingston") and Maria Ann Livingston, ("Mrs. Livingston"), along with their daughter Mallowry Livingston and a second minor child not party to the instant suit, checked into the Defendants' hotel, the Holiday Inn Family Suites in Lake Buena Vista, Florida. (Doc. No. 53, ¶ 3; Doc. No. 60-1, p. 1). Plaintiffs were first provided with room 1040, but they complained to hotel staff about the presence of insects in their room[2] and were transferred to room 729.[3] (Doc. No. 53, ¶ 3; Doc. No. 60-1, pp. 1-2). It is undisputed that Plaintiffs stayed and slept in room 729 without incident for three days. (*See, e.g.*, Doc. No. 60-1, p. 2).

Plaintiffs state that on the evening of February 24, 2004, Mr. Livingston noticed

---

[2] Plaintiffs allege room 1040 contained "a swarm of ants ... and numerous roaches." (Doc. No. 60-1 at p. 1-2).

[3] The parties agree that the Complaint mistakenly identifies the second room as "room 721." ( Doc. No. 53, ¶ 3; Doc. No. 60-1, p. 1-2).

small insects crawling on him and his two children while they were watching television on the sofa in room 729.  (*See id.* p. 2).  Mr. Livingston then investigated the bedroom where Mrs. Livingston was sleeping.  Plaintiffs subsequently discovered that the mattress and box spring of the bed occupied by Mrs. Livingston were "infested" with small, brown insects which were alive and were moving between the mattress, box spring, and the bedroom wall.  (*See, e.g., id.* at p. 2; Doc. No. 59-2, pp. 24, 31, 37-38).  After discovering such insects, Plaintiffs immediately complained to the hotel's management staff, left the property, and checked in to another hotel.  (*See*, *e.g.,* Doc. No. 53, ¶ 6; Doc. No. 60-1, p. 2).

Plaintiffs remained in the Lake Buena Vista area for four more days until they began a return trip to their home state of Louisiana on February 28, 2004.  (*See* Doc. No. 53, ¶ 6; Doc. No. 60-1, p. 2).  The parties do not dispute that Plaintiffs noticed no symptoms of being bitten by insects until after they began their drive home on February 28.  (*See, e.g.,* Doc. No. 53, ¶¶ 6-7; Doc. No. 60-1, p. 2).  Hence, all parties agree that Plaintiffs suffered no signs of physical injury until four or five days after leaving Defendants' hotel.  (*See, e.g., id.*; Doc. No. 59-1, pp. 146-48).

Plaintiffs state that during the trip home, Mrs. Livingston and Mallowry Livingston discovered their arms and legs were covered with "red, pus filled, welt-like bug bites."  (*See, e.g.,* Doc. No. 60-1, p.2).  Mrs. Livingston also discovered bites on her torso.  (*Id.*)  Plaintiffs state that the insects that bit them were of the species *Cimex lectularius*, commonly known as the "bed bug."  (*See, e.g.*, *id.*).  Plaintiffs consulted a physician, and as a result both Mrs. Livingston and Mallowry Livingston were diagnosed as having suffered an allergic reaction to the insect bites.  In addition, Mrs. Livingston had to be treated by a dermatologist for the

physical injuries she received and also required treatment with a psychiatrist for emotional injuries suffered as a result of this incident. (*See, e.g.*, Doc. No. 59-1, pp. 147-48, 167-68).

In their Complaint, Plaintiffs claim that Holiday Inn is liable to them for the torts of fraudulent concealment, gross negligence, and ordinary negligence. (*See generally* Doc. No. 2). Mrs. Livingston and Mallowry Livingston add individual claims for assault and battery, and Mr. Livingston adds an individual claim for loss of consortium. (*See id.* at pp. 4-5, 8). Plaintiffs also seek punitive damages.[4] (*See id.*).

Holiday Inn seeks summary judgment on all Counts of the Complaint, arguing that there is no evidence any of the claimed torts were committed by it, that no material facts are in dispute, and that it is entitled to judgment as a matter of law. (*See* Doc. No. 53). Plaintiffs respond that summary judgment is inappropriate because discovery has not yet been completed and further that Holiday Inn has not met its burden of proving that no genuine issues of material fact are in dispute. (*See* Doc. No. 60-1).

This Order analyzes Holiday Inn's Motion for Summary Judgment and Incorporated Memorandum of Law, (Doc. No. 53), and Plaintiffs' Response. (Doc. No. 60).

**Standard of Review**

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[4]  A claim for intentional infliction of emotional distress was previously dismissed by the Court. (*See* Doc. No. 34).

242, 248 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Id.* The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied the burden, a court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (citation omitted). If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then a court must not grant summary judgment. *Id.* (citation omitted).

Once a movant who does not bear the burden of proof on the pertinent claim or defense satisfies its initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the party bearing the burden of proof on the pertinent claim or defense to come forward with specific facts showing that there is a genuine issue for trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-movant must demonstrate that there is a material issue of fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v.*

*Darby*, 911 F.2d 1573, 1577 (11th Cir.1990) (citing *Anderson*, 477 U.S. 242). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

All justifiable inferences are to be drawn in favor of the non-movant, and the evidence presented by the non-movant is to be believed by the court. *Tipton*, 965 F.2d at 999 (quoting *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-159 (1970)). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material fact remaining for trial. *Matsushita*, 475 U.S. at 587 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)) (internal quotation marks omitted).

**Analysis**

**A.  Request for Hearing**

Plaintiffs request a hearing on Holiday Inn's Motion for Summary Judgment. As stated in the Court's Order dated March 28, 2006, and based on the record, the request for a hearing is denied. (*See* Doc. No. 54).

**B.  Postponement of Ruling on Motion for Summary Judgment**

Plaintiffs' argument that it would be improper to entertain Holiday Inn's Motion for Summary Judgment at this time due to Defendants' alleged failure to produce some of the requested documents pursuant to Plaintiffs' discovery requests, and the fact that depositions are still pending, is not well taken. First, the statement of Plaintiff's counsel in the Response to Defendant's motion that the discovery deadline had been extended for sixty (60) days was not

factually correct as of the day Plaintiffs' Response was filed. Although this Court subsequently extended the discovery deadline from April 4 until June 4, this extension was pursuant to a stipulation by the parties that, *inter alia*, such extension would not affect the dispositive motions deadline in the instant case, that no party would use such extension in support of a motion to extend other dates or deadlines, and that any discovery conducted after the dispositive motions date would not be available for summary judgment purposes. (*See* Doc. No. 74, 75). Thus, Plaintiffs were aware and in fact agreed that some relevant, discoverable material might not be available for purposes of crafting or opposing a motion for summary judgment.

Furthermore, the Court's March 28, 2006 Order gave Plaintiff's until May 1, 2006 to file affidavits and otherwise respond to Holiday Inn's Motion for Summary Judgment. (*See* Doc. No. 54). Rather than wait until May 1st to maximize the amount of discoverable material available to them, Plaintiffs instead chose to file their Response on April 7, 2006 and cite a lack of an adequate record as a reason for denying Holiday Inn's motion. Finally, the records in the instant case, including the numerous exhibits attached to Plaintiffs' Response to the Motion for Summary Judgment, make clear that an adequate record existed at the time Plaintiffs' Response was filed. Thus, unlike the cases cited by Plaintiffs, the interests of justice do not militate in favor of a postponement in ruling on the instant summary judgment motion. *See Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990).

### C. Assault and Battery

Construing all reasonable inferences in favor of the non-moving party, the Court finds that summary judgment is warranted on Plaintiffs' assault and battery claims. As Holiday Inn correctly points out, the intentional torts of assault and battery require, *inter alia*, a showing that

the tortfeasor intended to make an offensive contact with the victim, or at least intended to make the victim believe that a harmful or offensive contact was imminent. *See, e.g.*, *Lay v. Kremer*, 411 So. 2d 1347 (Fla. 1982); *Aromin v. State Farm Fire Cas. Co.*, 908 F.2d 812 (11th Cir. 1990). While a showing of malice is not required, a plaintiff must at least show the tortfeasor "believe[d] that a particular result was substantially certain to follow" in order to demonstrate the intent required to affect an assault or battery. *See, e.g.*, *Spivey v. Battaglia*, 258 So. 2d. 815, 816-17 (Fla. 1972). As the Florida Supreme Court has advised:

> [T]he knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent. Thus, the distinction between intent and negligence boils down to a matter of degree. Apparently the line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable man would avoid (negligence), and becomes a substantial certainty.

*Id*. at 817 (internal quotation marks omitted).

Thus, Plaintiffs have the burden of proving at least that Defendants knew with substantial certainty that by renting room 729 to Plaintiffs, one of the Plaintiffs would either be bitten by an insect or suffer an imminent apprehension of being bitten by an insect. As Holiday Inn points out, however, Plaintiffs have not come forward with any specific facts demonstrating that a genuine issue of fact exists regarding whether Holiday Inn possessed the requisite intent to assault or batter Plaintiffs.[5] Therefore, this case differs from the cases cited by Plaintiffs, such as *Mathias v. Accor Economy Lodging, Inc.*, in which the Seventh Circuit Court of Appeals reasoned that the bed bug infestation was present for so long and reached such "farcical

---

[5] In fact, both Mr. and Mrs. Livingston testified in their depositions that they have no evidence that Holiday Inn intentionally exposed them to insects. (See Doc. No. 59-1, p. 139; Doc. No. 59-2, p. 86-88).

proportions" that the defendant in that case likely knew that insect bites were certain to result from renting a habitually insect-infested, untreated room marked "DO NOT RENT" to hotel guests. *See Mathias*, 347 F.3d 672, 675 (7th Cir. 2003).

Contrary to Plaintiffs' arguments in the instant case, however, simply demonstrating that Holiday Inn rented room 729 to Plaintiffs while it was aware that bugs bite humans and that it had not treated the room for bed bugs does not create a genuine issue of material fact regarding intent. Hence, as Holiday Inn has met its burden of proving an absence of a genuine issue of material fact, and Plaintiffs have not come forward with specific facts showing that there is a genuine issue for trial, summary judgment is warranted on Plaintiffs' claims for assault and battery. *See, e.g., Fitzpatrick*, 2 F.3d at 1115-17.

### D. Gross Negligence and Negligence Toward a Business Invitee

Summary judgment is not appropriate on Plaintiffs' gross negligence and simple negligence claims against Holiday Inn. Under Florida law, to show gross negligence a plaintiff must demonstrate: (1) a composite of circumstances exist which together constitute a clear and present danger; (2) awareness by the defendant of such danger; and (3) a conscious, voluntary act or omission by the defendant in the face thereof which is likely to result in injury. *Dent v. Florida Power & Light Co.*, 633 So. 2d 1132, 1134 (Fla. 4th DCA 1994) (per curiam) (citing *Sullivan v. Streeter*, 485 So. 2d 893, 895 (Fla. 4th DCA 1986)); *see also Glaab v. Caudill*, 236 So. 2d 180, 185 (Fla. 2d DCA 1970). Standing between the requisite culpability for "willful and wanton" conduct and simple negligence, gross negligence is best described as an act or omission which a reasonable, prudent person would know is likely to result in harm to another. *See Eller v. Shova*, 630 So. 2d 537, 541 n.3 (Fla. 1993); *Glaab*, 236 So. 2d at 182. Furthermore, where the

line separating simple and gross negligence is doubtful or indistinct, "the question of whether the negligence is ordinary or gross is one which should be submitted to the jury." *Courtney v. Florida Transformer*, *Inc*., 549 So. 2d 1061, 1065 (Fla. 1st DCA 1989).

In the instant case, Plaintiffs contend that Holiday Inn knew of the infestation of bed bugs in its hotel and that bed bugs are known to carry disease and bite and suck blood from people. (*See* Doc. 2 at ¶ 36). Plaintiffs further contend that Defendants rented room 729 to Plaintiffs after learning of the insect infestation of the hotel. (*Id.*) Holiday Inn argues in its Motion for Summary Judgment that Plaintiffs' gross negligence claim must fail because Plaintiffs have produced no evidence suggesting that a clear and present danger existed in the hotel or that it was aware of such danger when it rented the hotel room to Plaintiffs. After examining the pleadings, depositions, and evidence of record while construing all reasonable inferences in favor of the non-moving party, the Court finds that Holiday Inn's argument is not well taken.

In their Response, Plaintiffs have produced evidence in the form of the hotel's "Insect Log," which states that on February 6, 2004, just fifteen days prior to the arrival of the Livingston family, a guest complained of insect infestation in room 729. (*See* Doc. No. 60-2, Ex. A). Furthermore, in the two weeks preceding the Plaintiffs' arrival, the insect log reveals that the presence of insects in the Defendants' hotel was noted four times on the seventh floor alone, although the Court cannot discern from the evidence which types of insects were discovered. (*See id.*). In addition, Holiday Inn executed an addendum to its pest control contract with a pest services firm on January 15, 2004 which specifically provided for the treatment of bed bugs at the subject hotel. (*See* Doc. No. 60-2, Ex. D). Such evidence, viewed in the light most favorable to Plaintiffs, creates a triable issue of fact as to whether a "clear and present danger" of insect

attack existed in room 729 and whether Holiday Inn was aware of such danger when it rented room 729 to Plaintiffs on February 21st.  *See, e.g., Dent*, 633 So. 2d 1132 at 1134; *Mathias*, 347 F.3d at 674.

Contrary to Holiday Inn's argument, Plaintiffs' subjective opinions of the condition of their hotel room prior to being allegedly bitten by bed bugs does not defeat the contention that a genuine issue of material fact remains with regard to their gross negligence claim.  Holiday Inn argues that Mrs. Livingston's statement that she never saw insects on her body or felt an insect bite and Mr. Livingston's statement that he saw no insects in his room nor evidence of insect infestation prior to February 24, 2004, indicate that Defendants are not liable for the tort of gross negligence.  (*See* Doc. No. 53 at pp. 14-15).  However, the tort of gross negligence focuses on the defendant's, not the victim's, awareness of the danger.  *See, e.g. Weller v. Reitz*, 419 So. 2d 739, 741 (Fla. 5th DCA 1982) ("[G]ross negligence consists of a conscious and voluntary act or omission which is likely to result in grave injury when in the face of a clear and present danger of which the alleged *tortfeasor* is aware...") (emphasis added).  Thus, as an issue of fact remains on this issue, summary judgment on the Plaintiffs' gross negligence claim is denied.

The Court further finds that a genuine issue of material fact exists with regard to Plaintiffs' simple negligence claim.  In Florida, negligence consists of a duty of care owed by the defendant to the plaintiff, a breach of that duty, proof that the breach was the cause of an injury to the plaintiff, and proximately caused damages.  *See Eppler v. Tarmac America, Inc.*, 752 So. 2d 592, 594 (Fla. 2000).  A hotel owes its business invitees:  (1) the duty to exercise reasonable care in maintaining its premises in a reasonably safe condition; and (2) the duty to warn of concealed perils that are or should be known to the landowner and that are unknown to the invitee

and cannot be discovered through the exercise of due care. *See St. Joseph Hospital v. Cowart*, 891 So. 2d 1039, 1040 (Fla. 2d DCA 2004)*; Knight v. Waltman*, 774 So. 2d 731, 733 (Fla. 2d DCA 2000).

While Holiday Inn is correct in its contention that the mere presence of insects in Plaintiffs' hotel room is generally insufficient to defeat a claim for summary judgment, the Court finds Plaintiffs have proffered sufficient evidence to demonstrate that a genuine issue of material fact exists regarding their negligence claim. Holiday Inn's "Insect Log," demonstrates that on February 6, 2004, just fifteen days prior to the arrival of the Livingston family, a guest complained of insect infestation in room 729. (*See* Doc. No. 60-2, Ex. A). In addition, the insect log reveals that the presence of insects in the Defendants' hotel was noted four times on the seventh floor alone during the two weeks preceding Plaintiffs' visit. (*See id.*). Construing all reasonable inferences in favor of the non-moving party, such evidence creates an issue of fact both as to whether room 729 was maintained in a reasonably safe condition and whether a reasonable business would have discovered and warned its guests about such a condition after being notified of the presence of insects in room 729.

Lastly, Holiday Inn's argument that there is no evidence that Plaintiffs were bitten while staying at the subject hotel is not well taken. Mr. Livingston testified that he witnessed insects crawling on him while sitting on a couch in room 729. (Doc. No. 59-2, p. 24). He also stated that he noticed these insects crawling near the bed in which Mrs. Livingston slept. (*See, e.g., id.* at p.70). The "Insect Log" confirms that Plaintiffs reported the presence of bed bugs to Holiday Inn on February 24. (*See* Doc. No. 60-2, Ex. A). A hotel employee stated in an e-mail produced by Plaintiffs that she witnessed insects "moving around under the mattress" on the night of February

24th. (Doc. No. 60-2, Ex. H). The fact that the bites on Mrs. Livingston's arms and legs did not appear until four or five days after February 24 is insufficient to defeat Plaintiffs' negligence claim, as Mrs. Livingston testified in her deposition that her body generally takes several days to manifest a physical reaction to insect bites. (*See, e.g.,* Doc. No. 59-1, pp. 159-160). In short, Plaintiffs have produced ample evidence to defeat summary judgment on their simple negligence claim.

### E.  Fraudulent Concealment

In Florida, the elements of a claim of fraudulent concealment are: (1) a misrepresentation or omission of a material fact; (2) (a) knowledge of the representor of the misrepresentation or (b) representations made by the representor without knowledge as to either the truth or falsity, or (c) representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof; (3) an intention that the representor induce another to act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation. *Albertson v. Richardson-Merrell Inc.*, 441 So. 2d 1146, 1149-50 (Fla. 4th DCA 1983). In a claim for fraudulent concealment by omission or silence, a defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose such information. *Don Slack Ins., Inc. v. Fidelity & Cas. Co. of N.Y.*, 385 So. 2d 1061 (Fla. 5th DCA 1980). Such duty arises when one party has information that the other party has a right to know because of the existence of a fiduciary relationship or another relationship of trust or confidence between the parties. *State v. Mark Marks, P.A.*, 654 So. 2d 1184, 1189 (Fla. 4th DCA 1995) (approved by 698 So. 2d 533 (Fla. 1997)).

The Court finds that summary judgment would be inappropriate on the issue of fraudulent

concealment. It has already been established that Holiday Inn owes a duty to its business invitees to disclose hidden dangers that could not be discovered by such invitees through the exercise of due care. *See, e.g., St. Joseph Hospital*, 891 So. 2d at 1040. It is undisputed that Holiday Inn never stated to Plaintiffs that there was a danger of being bitten by insects while sleeping at the hotel in question. A failure to warn hotel guests regarding the dangers of insect bites at an insect-infested hotel is a material misrepresentation by omission for purposes of determining fraud. *See, e.g., Mathias*, 347 F.3d at 675 (noting that the "failure either to warn guests or to take effective measures to eliminate the bedbugs amounted to fraud...").

In addition, the aforementioned "Insect Log," which reveals numerous insect-related complaints during the two-week period prior to Plaintiffs' arrival at the subject hotel,[6] demonstrates that a genuine issue of material fact exists regarding whether the alleged misrepresentation was made under circumstances in which Holiday Inn knew or ought to have known of its falsity. *See Albertson,* 441 So. 2d at 1149-50. It is a reasonable inference from the evidence presented by Plaintiffs that Holiday Inn intended to induce Plaintiffs to stay at its hotel by its alleged misrepresentation by omission, as Holiday Inn "could not have rented any rooms at the prices it charged had it informed guests that the risk of being bitten by bedbugs was appreciable." *Mathias*, 347 F.3d at 675. Furthermore, Mrs. Livingston testified in her deposition that had she known that Holiday Inn was experiencing insect-related problems, she likely would have stayed in another hotel. (*See, e.g.*, Doc. No. 59-1, p. 139). Finally, Plaintiffs have produced ample evidence which demonstrates a genuine issue of material fact regarding whether their stay at the hotel in question resulted in their physical and emotional harm. (*See, e.g., id.* at pp. 154-56,

---

[6]   *See* Doc. No. 60-2, Ex. A.

164, 168, Exs. 2-5).

For these reasons, the Court denies Holiday Inn's motion for summary judgment on the issue of fraudulent concealment.

### Conclusion

Based on the foregoing, the Motion for Summary Judgment and Incorporated Memorandum of Law, filed by Defendants H.I. Family Suites, Inc., d/b/a Holiday Inn Family Suites, and World Village Management, LLC on March 27, 2006, (Doc. No. 53), is **GRANTED IN PART** and **DENIED IN PART**.  Summary Judgment is **GRANTED** in favor of Defendants on Plaintiffs' claims for assault and battery.  In all other respects, the Defendants' Motion for Summary Judgment is **DENIED**.  Plaintiffs' request for a hearing is also **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _22nd_ day of May, 2006.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record